Whitakee, Judge,
delivered the opinion of the court:
This case comes before us on demurrer to plaintiff’s petition. Plaintiff sues under section 619 of the Tariff Act of 1930 (46 Stat. 590, 758). This section reads in part as follows:
Any person not an officer of the United States * * * who furnishes * * * to any customs officer original information concerning any fraud upon the customs revenue, or a violation of the customs laws * * * perpetrated or contemplated, which * * * information leads to a recovery of any duties withheld, or of any fine, penalty, or forfeiture incurred, may be awarded and paid by the Secretary of the Treasury a compensation of 25 per centum of the net amount recovered, but not to exceed $50,000 in any case * * *.
The petition alleges that the Nelson Bead Company, Inc., in order to establish claims for drawback on the exportation of merchandise, falsely represented to customs officers that the merchandise exported had been manufactured from imported merchandise upon which duties had been paid at the time of importation. It is alleged that on such claims sums in excess of $25,000 had been paid, of which the *566 defendant recovered the sum of $17,740.75, and also the sum of $854.61 on .account of a fine imposed against the Nelson Bead Company for said fraudulent act. It is also alleged that in addition to the payment of something in excess of $25,000 the defendant “had approved and authorized for payment” the sum of approximately $66,000, for which drafts upon the Treasury of the United States had been issued. It is not alleged that these drafts had been delivered. The petition further alleges that the plaintiff furnished to a customs officer of the Port of New York original information concerning this fraud on the customs revenue which had been perpetrated, or was in process of perpetration, and that it was as a result of this information that the defendant recovered the said sum of $17,740.75 on account of duties withheld, and the sum of $854.61 on account of a fine imposed, and it was also a result of this information that the defendant had not delivered the drafts for the additional sum of approximately $66,000. Plaintiff’s claim for compensation as an informer was denied by the Secretary of the Treasury, and his action in this regard is alleged to have been arbitrary, willful and capricious.
The defendant demurs to the petition because it says it does not state a cause of action, because no duties were being withheld by the Nelson Bead Company, because the information given did not concern duties, and because the United States did not recover duties. We are of opinion that this position is not well taken, at least insofar as the recovery of the $17,740.75, plus the additional sum of $854.61, is concerned. The amount of $17,740.75 we think was duties which the Nelson Bead Company was withholding from the defendant, that the $854.61 was a fine recovered, and that both of them were recovered on account of the information given by the plaintiff, and that as to these sums at least the plaintiff comes within the provision of section 619 of the Tariff Act and is entitled to the compensation there provided for. The amount of $17,740.75 was a drawback by the Nelson Bead Company, but it was a drawback of duties paid. When the duties had been drawn back, the Nelson Bead Company had duties which were due the defendant and which it was withholding from it.
*567 ' Section 1313 (a) of the Tariff Act of 1930 (Title 19, U. S. C. A.) provides in part:
Upon the exportation of articles manufactured or produced in the United States with the use of imported merchandise, the full amount of the duties paid upon the merchandise so used shall be refunded as drawback, less 1 per centum of such duties. [Italics ours.]
Manifestly, when the duties were refunded the Nelson Bead Company was withholding duties it in fact owed. The defendant had been paid the duties, but the duties had been refunded and the defendant no longer had them, they were in the possession of the Nelson Bead Company, and the Nelson Bead Company was withholding them from the defendant. The Nelson Bead Company was practicing a “fraud upon the customs revenue”; information of this was given the customs officers by the plaintiff; and as a result the defendant recovered from the Nelson Bead Company the duties which it was fraudulently withholding.
There is no warrant for considering the drawback as in the nature of a bounty. Drawbacks are allowed because the Congress did not intend in the first place to levy an import tax on goods which were used in the manufacture of articles later exported. The duties were required to be paid in the first instance only to insure the payment upon all imports which were consumed or used in this country. It was never intended to impose duties on goods which were not consumed or used in this country, but which were later exported. As soon as proof of exportation was made the importer was entitled to an immediate refund of the duties paid. See 19 Op. Atty. Gen. 638; Campbell v. United States, 107 U. S. 407. United States v. Passavant, 169 U. S. 16, does not hold to the contrary.
The case with reference to the $66,000 which the defendant was about to pay to Nelson Bead Company, but which it had not paid, is a hard one. The benefit to the defendant of the information given by the plaintiff with respect to this $66,000 was as great as if it had been given after this $66,000 had actually been refunded. Had it been given after refund, the money might have been re *568 covered and the defendant saved from loss; given when it was, the defendant had no chance to lose it. In the first case, the plaintiff would be entitled to his fee; in the second, he should be. The equities are,-in his favor. The question is, however, did the defendant promise to pay for information in such case; not, should it or would it have ■done so.
Congress in the Act quoted promised to pay an informer '25 percent of “the recovery of any duties withheld.” These duties were not being withheld from the defendant because they had not passed from its possession into the possession of someone else and, hence, there has been no recovery of “duties withheld.” The Act speaks of a recovery; not the retention of what the defendant already had. It speaks of a withholding from the defendant of something to which it is entitled; not the prevention of the obtaining from the defendant of something to which a person is not entitled.
It may be that if the circumstances such as those before us had been called to the attention of Congress, it would have provided for the payment of compensation therein, but either such a case was not called to Congress’ attention, or if called to its attention, Congress decided not to pay the reward in such case; at any rate, it did not do so. We can only enforce such agreement as the defendant made; not one which it should have made or which we think it would have made if the matter had been called to its attention. The case is one in which this court has no power to grant plaintiff relief. Such power resides only in Congress.
Defendant’s demurrer is grounded alone on the proposition that there has been no recovery of duties withheld, and this is the sole question decided. We hold that the recovery •of the drawback of $11,140.75 was a recovery of duties withheld, but that the prevention of loss of the $66,000 was not such a recovery. The recovery of the fine of $854.61 was a recovery of a fine on account of duties withheld, and so within the terms of the Act. The defendant’s demurrer, therefore, will be overruled. It is so ordered.
Madben, Judge; JoNes, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.